THEODORE M. BECKER (admitted *pro hac vice*)
DONALD P. SULLIVAN (SBN 191080)
M. MICHAEL COLE (SBN 235538)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
CLAIR R. COUTURIER, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLEEN STANTON,<br><br>    Plaintiffs,<br><br>vs.<br><br>CLAIR R. COUTURIER, JR., DAVID R. JOHANSON, ROBERT E. EDDY, JOHANSON BERENSON LLP, and PENSCO, INC.,<br><br>    Defendants,<br><br>and<br><br>THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC. EMPLOYEE STOCK OWNERSHIP PLAN, NOLL MANUFACTURING COMPANY, N&NW MANUFACTURING HOLDING COMPANY, INC., AND THE EMPLOYEE OWNERSHIP HOLDING COMPANY, INC.<br><br>    Nominal Defendants. | Case No. 2:05-cv-02046 RRB KJM<br><br>**DEFENDANT CLAIR R. COUTURIER'S ANSWER TO THE COMPLAINT OF PLAINTIFF DARLEEN STANTON** |

COMES NOW Defendant CLAIR R. COUTURIER, JR. ("Defendant"), by and through his counsel, and for his Answer to the allegations set forth in the Complaint (the "Complaint") of Plaintiff DARLEEN STANTON ("Stanton" or "Plaintiff"), states as follows:

1.  Defendant is without sufficient information to either admit or deny the allegations

1. contained in the first sentence of Paragraph 1 of the Complaint, and on that ground denies each and every such allegation. Defendant denies the allegations contained in the second sentence of Paragraph 1 of the Complaint, except admits that Plaintiff was an employee of Noll Manufacturing Company ("Noll") at one time.

2. Defendant admits the allegations contained in the first sentence of Paragraph 2 of the Complaint. Defendant denies each and every allegation contained in the second sentence of said paragraph.

3. On information and belief, Defendant admits the allegations contained in the first sentence of Paragraph 3 of the Complaint. Defendant denies each and every allegation contained in the second sentence of said paragraph.

4. On information and belief, Defendant admits the allegations contained in the first sentence of Paragraph 4 of the Complaint. Defendant denies each and every allegation contained in the second sentence of said paragraph.

5. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint, and on that ground denies each and every such allegation.

6. Defendant is without sufficient information to either admit or deny the allegations contained in the first sentence of Paragraph 6 of the Complaint, and on that ground denies each and every such allegation. Defendant denies each and every allegation contained in the second and third sentences of Paragraph 6.

7. Defendant denies each and every allegation contained in the first sentence of Paragraph 7 of the Complaint, except admits and alleges that the ESOP is an employee stock ownership plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"). The statements set forth in the second sentence of said paragraph constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

8. Defendant is without sufficient information to either admit or deny the allegations

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

1  contained in the first sentence of Paragraph 8 of the Complaint, and on that ground denies each
2  and every such allegation. The statements set forth in the first sentence of Paragraph 8 constitute
3  legal argument rather than factual allegations, thereby requiring no answer. To the extent said
4  statements could be construed as containing factual allegations, Defendant denies each and every
5  said allegation.

6      9.    Defendant is without sufficient information to either admit or deny the allegations
7  contained in the first sentence of Paragraph 9 of the Complaint, and on that ground denies each
8  and every such allegation. The statements set forth in the first sentence of Paragraph 9 constitute
9  legal argument rather than factual allegations, thereby requiring no answer. To the extent said
10 statements could be construed as containing factual allegations, Defendant denies each and every
11 said allegation.

12     10.    Defendant is without sufficient information to either admit or deny the allegations
13 contained in the first sentence of Paragraph 10 of the Complaint, and on that ground denies each
14 and every such allegation. The statements set forth in the first sentence of Paragraph 10
15 constitute legal argument rather than factual allegations, thereby requiring no answer. To the
16 extent said statements could be construed as containing factual allegations, Defendant denies each
17 and every said allegation.

18     11.    The statements set forth in Paragraph 11 of the Complaint constitute legal
19 argument rather than factual allegations, thereby requiring no answer. To the extent said
20 statements could be construed as containing factual allegations, Defendant denies each and every
21 such allegation. Defendant does not contest, however, that this Court has subject matter
22 jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and Section 502(a) of ERISA, 29
23 U.S.C. §1132(a).

24     12.    The statements set forth in Paragraph 12 of the Complaint constitute legal
25 argument rather than factual allegations, thereby requiring no answer. To the extent said
26 statements could be construed as containing factual allegations, Defendant is without sufficient
27 information to either admit or deny the allegations, and on that ground denies each and every such
28 allegation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

13. The statements set forth in Paragraph 13 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation, except does not contest that venue in this District is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

14. The statements set forth in Paragraph 14 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

15. The statements set forth in Paragraph 15 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of the Complaint, except admits and alleges that the ESOP was formed on or about July 1, 1977 to benefit eligible Noll employees.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint, and alleges that the stock was purchased from other persons in addition to Noll, Robert E. Noll, Patricia R. Noll, and that the cash contributions were used for purposes other than purchasing Noll common stock such as administrative expenses and repurchase obligations.

19. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint, and on that ground denies each and every such allegation.

20. On information and belief, Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in the first and second sentences of

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

4

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

1  Paragraph 22 of the Complaint.  Defendant is without sufficient information to either admit or
2  deny the allegations contained in the third sentence of Paragraph 22 of the Complaint, and on that
3  ground denies each and every such allegation.

4      23.    Defendant admits the allegations contained in Paragraph 23 of the Complaint.

5      24.    Defendant denies the allegations contained in Paragraph 24 of the Complaint,
6  except admits the allegations contained in the first sentence thereof.

7      25.    Defendant denies each and every allegation contained in Paragraph 25 of the
8  Complaint, except admits that Moss Adams Advisory Services, an independent appraisal firm,
9  began to prepare annual valuations of the shares of company stock held by the ESOP trust in
10 2001.

11     26.    Defendant is without sufficient information to either admit or deny the allegations
12 contained in Paragraph 26 of the Complaint, and on that ground denies each and every such
13 allegation.

14     27.    Defendant denies each and every allegation contained in Paragraph 27 of the
15 Complaint.

16     28.    Defendant denies each and every allegation contained in Paragraph 28 of the
17 Complaint.

18     29.    Defendant denies each and every allegation contained in Paragraph 29 of the
19 Complaint.

20     30.    Defendant denies each and every allegation contained in Paragraph 30 of the
21 Complaint.

22     31.    Defendant denies each and every allegation contained in Paragraph 31 of the
23 Complaint.

24     32.    Defendant denies each and every allegation contained in Paragraph 32 of the
25 Complaint.

26     33.    Defendant denies each and every allegation contained in Paragraph 33 of the
27 Complaint.

28     34.    Defendant denies each and every allegation contained in Paragraph 34 of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

Complaint.

35. Defendant admits the allegations contained in the first sentence of Paragraph 35 of the Complaint. Defendant denies each and every allegation contained in the second sentence thereof, except admits and alleges that the transaction closed on June 19, 2001.

36. Defendant denies each and every allegation contained Paragraph 36 of the Complaint, except admits the allegations contained in the second sentence thereof.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendant denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint and alleges that Defendants do not know the expectations of the parties to all leveraged ESOP transactions.

41. Defendant denies each and every allegation contained in Paragraph 41 of the Complaint, except admits the allegations contained in the first sentence thereof.

42. Defendant denies each and every allegation contained in Paragraph 42 of the Complaint, except admits the allegations contained in the first sentence thereof.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation contained in Paragraph 47 of the

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

1 Complaint.

2 48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint, except admits that David R. Johanson was, at one time, elected director of Noll and that he, at one time, replaced Thomas J. McIntosh as legal counsel to Noll.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies each and every allegation contained in Paragraph 52 of the Complaint, except admits the allegations contained in the first sentence thereof.

53. Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Defendant denies each and every allegation contained in the second sentence of Paragraph 54 of the Complaint, except admits the allegations contained in the first sentence thereof.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Defendant denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Defendant denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

61. Defendant denies each and every allegation contained in Paragraph 61 of the Complaint.

62. Defendant denies each and every allegation contained in Paragraph 62 of the Complaint.

63. Defendant denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Defendant denies each and every allegation contained in the first and third sentences of Paragraph 64 of the Complaint. Defendant denies each and every allegation contained in the second sentence of said paragraph on the ground that the terms of the letter of intent which Zenith actually entered into in June of 2004 speak for themselves.

65. Defendant denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Defendant denies each and every allegation contained in Paragraph 66 of the Complaint on the ground that the referenced complaint speaks for itself.

67. Defendant denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Defendant denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Defendant denies each and every allegation contained in Paragraph 69 of the Complaint on the ground that the referenced complaint speaks for itself.

70. Defendant admits the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies each and every allegation contained in Paragraph 71 of the Complaint on the ground that the terms of the letter of intent which Zenith actually entered into in June of 2004 speak for themselves.

72. Defendant denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Defendant denies each and every allegation contained in Paragraph 73 of the Complaint.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

74. Defendant denies each and every allegation contained in Paragraph 74 of the Complaint.

75. Defendant denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Defendant denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Defendant denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Defendant denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Defendant denies each and every allegation contained in Paragraph 79 of the Complaint, except admits the allegations contained in the second sentence thereof, and alleges that the board of directors of The Employee Ownership Holding Company, Inc. ("TEOHC") appointed Eddy to serve as special trustee in the fall of 2003 and in January 2004, and that Eddy has been an independent trustee acting solely in the interest of the ESOP and its participants and beneficiaries since the fall of 2003.

80. Defendant denies each and every allegation contained in Paragraph 80 of the Complaint.

81. Defendant denies each and every allegation contained in Paragraph 81 of the Complaint.

82. Defendant admits the allegations contained in the first sentence of Paragraph 82 of the Complaint. Defendant denies each and every allegation contained in the second sentence of Paragraph 82 of the Complaint.

83. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 83 of the Complaint, and on that ground denies each and every such allegation.

84. Responding to Paragraph 84 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 83 of the Complaint as though said responses

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

1  were fully set forth herein.

2      85.    The statements set forth in paragraph 85 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

    86.    The statements set forth in paragraph 86 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

    87.    Defendant denies each and every allegation contained in Paragraph 87 of the Complaint.

    88.    The statements set forth in Paragraph 88 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

    89.    The statements set forth in Paragraph 89 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

    90.    The statements set forth in Paragraph 90 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

    91.    The statements set forth in Paragraph 91 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

    92.    The statements set forth in Paragraph 92 of the Complaint constitute legal

argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

93. Defendant denies each and every allegation contained in Paragraph 93 of the Complaint.

94. The statements set forth in Paragraph 94 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

95. The statements set forth in Paragraph 95 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

96. The statements set forth in Paragraph 96 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation.

97. Defendant denies each and every allegation contained in Paragraph 97 of the Complaint.

98. Defendant denies each and every allegation contained in Paragraph 98 of the Complaint.

99. Defendant denies each and every allegation contained in Paragraph 99 of the Complaint.

100. Defendant denies each and every allegation contained in Paragraph 100 of the Complaint.

101. Defendant denies each and every allegation contained in Paragraph 101 of the Complaint.

102. Defendant denies each and every allegation contained in Paragraph 102 of the

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

11

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

1 Complaint.

2     103. Defendant denies each and every allegation contained in Paragraph 103 of the
3 Complaint.

4     104. Defendant denies each and every allegation contained in Paragraph 104 of the
5 Complaint.

6     105. Responding to Paragraph 105 of the Complaint, Defendant incorporates by
7 reference his responses to Paragraphs 1 through 104 of the Complaint as though said responses
8 were fully set forth herein.

9     106. Defendant denies each and every allegation contained in Paragraph 106 of the
10 Complaint.

11     107. Defendant denies each and every allegation of Paragraph 107 of the Complaint.

12     108. Defendant denies each and every allegation contained in Paragraph 108 of the
13 Complaint.

14     109. Defendant denies each and every allegation contained in Paragraph 109 of the
15 Complaint.

16     110. Defendant denies each and every allegation contained in Paragraph 110 of the
17 Complaint.

18     111. Defendant denies each and every allegation contained in Paragraph 111 of the
19 Complaint.

20     112. Defendant denies each and every allegation contained in Paragraph 112 of the
21 Complaint.

22     113. Defendant denies each and every allegation contained in Paragraph 113 of the
23 Complaint.

24     114. Defendant denies each and every allegation contained in Paragraph 114 of the
25 Complaint.

26     115. Defendant denies each and every allegation contained in Paragraph 115 of the
27 Complaint.

28     116. Defendant denies each and every allegation contained in Paragraph 116 of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

Complaint.

117. Defendant denies each and every allegation contained in Paragraph 117 of the Complaint.

118. Responding to Paragraph 118 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 117 of the Complaint as though said responses were fully set forth herein.

119. Defendant denies each and every allegation contained in Paragraph 119 of the Complaint.

120. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 120 of the Complaint, and on that ground denies each and every such allegation.

121. The statements set forth in the first sentence of Paragraph 121 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation. Defendant is without sufficient information to either admit or deny the allegations contained in the second sentence of Paragraph 121 of the Complaint, and on that ground denies each and every such allegation.

122. Defendant is without sufficient information to either admit or deny the allegations contained in the second sentence of Paragraph 122 of the Complaint, and on that ground denies each and every such allegation.

123. The statements set forth in the first sentence of Paragraph 123 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendant denies each and every such allegation. Defendant is without sufficient information to either admit or deny the allegations contained in the second sentence of Paragraph 123 of the Complaint, and on that ground denies each and every such allegation.

124. Defendant denies each and every allegation contained in the Complaint except as specifically admitted hereinabove.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

13

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim because Plaintiff lacks standing to bring this lawsuit.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action contained therein, is barred by the doctrine of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' demand for jury trial should be stricken because there is no right to trial by jury under ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim because the allegations of breach of fiduciary duty do not involve plan assets.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim upon which the relief sought can be granted because there is no allegation of a "taking" of plan assets.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim because the actions it challenges are not actions that are fiduciary in nature as defined under ERISA.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is not liable for any breach that occurred before or after his respective service as a fiduciary.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

claim upon which the relief sought can be granted, and maintenance of this action is barred, because Plaintiff has failed to exhaust her administrative remedies pursuant to ERISA § 503, 29 U.S.C. § 1133.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part by prior settlement and release.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to pursue any claims derivatively because plaintiff has failed to make demand or adequately demonstrate that demand is excused.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim because Plaintiff's claims are barred by a violation of the attorney-client privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim because Plaintiff's claims are barred by the doctrines of estoppel, release, and/or re judicata.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action contained therein, fails to state a claim because Defendant at all times acted in good faith and exercised his best business judgment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.

claim because Defendant does not possess any of the assets at issue in this dispute.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state a claim because neither Plaintiff, nor the ESOP or anyone else suffered any losses as a result of the actions or inactions of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend his Answer to the Complaint to assert such additional defenses as may become apparent during the continuing course of discovery in this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

A. That Plaintiff take nothing by her Complaint;

B. That judgment be entered for Defendant;

C. That the Court award to Defendant and against Plaintiff the amount of Defendant's attorneys' fees and costs, pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g); and

D. That the Court award such other and further relief in favor of Defendant and against Plaintiff as it deems just and proper.

Dated: November 16, 2007               MORGAN, LEWIS & BOCKIUS LLP


By:   /S/  Donald P. Sullivan
      Theodore M. Becker
      Donald P. Sullivan
      M. Michael Cole
      Attorneys for Defendant
      CLAIR R. COUTURIER

1-SF/7628544.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

Case No. 2:05-cv-02046 RRB KJM
Couturier's Answer to Stanton Compl.