IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, et al.,

      Plaintiff,                             No. CIV S-05-2046 RRB GGH

      vs.

CLAIR R. COUTURIER, JR., et al.,

      Defendants.
_____/

DARLEEN STANTON,

      Plaintiff,                             No. CIV S-07-1208 WBS JFM

      vs.

CLAIR R. COUTURIER, JR., et al.,      <u>ORDER</u>

      Defendants.
_____/

        The undersigned has completed his initial review of plaintiffs' motion to compel production of documents withheld by virtue of the attorney-client (and other) privileges. Certain defendants no longer assert withholding based on privilege; the primary remaining assertion of privilege is on behalf of TEOHC. This entity has again reviewed its withholding and many previously withheld documents have been produced to plaintiffs. Nevertheless, there still

1

appears to be approximately 1,800 documents withheld on account of privilege assertions.

The overarching issue is whether privilege has been asserted without any substantial justification, e.g., an attorney was not even involved with an alleged attorney-client communication. If not, the issues have to do with the substantive legal arguments of the parties whether an otherwise colorable assertion of privilege can be sustained. The threshold issue, and perhaps the substantive issues, can be determined without an omnibus *in camera* filing. The undersigned orders as follows:

1. The withholding party shall produce for *in camera* review every tenth document of those withheld documents related to Eddy (167); the determination of every tenth document shall be strictly a mathematical exercise related to Bate stamped numbers. For example, withheld document 1 may have Bate stamped numbers 123-126, withheld document 2, Bate stamped numbers 430-450, ......withheld document 10, Bate stamped numbers 2456-2457. In this example, the document to be produced would be withheld document 10. Thereafter, every subsequent tenth withheld document, e.g., document numbers 20, 30, etc. up through document 160 would be produced. As can be seen from the example, the number of pages in a particular withheld document is irrelevant to this undertaking; documents shall be produced strictly on a withheld document basis. This undertaking is designed to negative any "cherry picking" of particular documents for review.

2. The same procedure set forth in paragraph one shall be utilized for the Roorda and Johanson Berenson withheld documents.

3. All withheld documents for McIntosh and Noll shall be produced for *in camera* review.

4. Notwithstanding the above, and in addition to the above, the "Memorandum re Noll LOI fairness issues" and *all* pages of the "Transaction Planning Meeting Minutes or Notes from October 7, 2003" shall be produced for *in camera* inspection.

\\\\\

2

5. The documents to be produced *in camera* shall be delivered to chambers no later than January 26, 2009.

Dated: 01/22/09                                           /s/ Gregory G. Hollows
                                                         _____
                                                         U.S. Magistrate Judge

GGH:gh:035
couturier.ord